UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PURDUE PHARMA L.P. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COLLEGIUM PHARMACEUTICAL, INC., ) <br> ) <br> Defendant. ) | C.A. No. 15-cv-13099-FDS <br> (Lead Docket No.) |

**JOINT STATEMENT PURSUANT TO L.R. 16.1 AND FED. R. CIV. P. 26(f)**

Pursuant to Local Rule 16.1(d) and Rules 16(b)-(c) and 26(f) of the Federal Rules of Civil Procedure, Plaintiffs Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., and Rhodes Technologies ("Plaintiffs") and Defendant Collegium Pharmaceutical, Inc. ("Defendant") submit this joint statement in connection with the above-captioned litigation following conference of counsel in which the topics of those rules were discussed.

## I. PRETRIAL SCHEDULE

The parties' proposed Scheduling Order appears in Appendix A. For convenience, a summary table (including deadlines already met) follows:

| Event | Date |
|---|---|
| Rule 26(f) conference | April 6, 2016 (completed) |
| Plaintiffs present written settlement proposal to Defendant. | April 11, 2016 (completed) |
| Joint statement per Rules 16(b)-(c), 26(f) and L.R. 16.1, 16.6 | April 18, 2016 (completed with present filing) |
| Rule 16 scheduling conference | April 25, 2016 |
| Exchange of initial disclosures | May 9, 2016 |

| Event | Date |
|---|---|
| Defendant shall produce its NDA | May 23, 2016 |
| Plaintiffs' preliminary infringement contentions and accompanying production | June 22, 2016 |
| Defendant's preliminary invalidity and non-infringement contentions and accompanying production | August 19, 2016 |
| Amended pleadings / joinder of parties | September 23, 2016 |
| Substantial completion of document production | September 28, 2016 |
| Identification of claim terms to be construed | October 19, 2016 |
| Proposed claim constructions and supporting evidence | November 2, 2016 |
| Opening claim-construction briefs | November 18, 2016 |
| Completion of discovery regarding claim construction | December 22, 2016 |
| Responsive claim-construction briefs | January 19, 2017 |
| Joint claim-construction and pre-hearing statement | February 2, 2017 |
| Close of fact discovery | January 25, 2017 |
| Claim-construction hearing | To be established by the Court (the parties propose within 14 days of the filing of the joint claim-construction statement or as soon thereafter as the Court's schedule permits) |
| Claim-construction decision | To be established by the Court (the parties propose by March 31, 2017, or as soon thereafter as the Court's schedule permits) |
| Plaintiffs' final infringement contentions | April 26, 2017 |
| Defendant's final invalidity and non-infringement contentions | May 24, 2017 |
| Opening expert reports | June 21, 2017 |
| Rebuttal expert reports | July 19, 2017 |
| Reply expert reports | August 10, 2017 |
| Close of expert discovery | September 20, 2017 |

| Event | Date |
|---|---|
| Final Pretrial Conference | November 30, 2017 (or as soon thereafter as the Court's schedule permits) |

## II.  NATURE AND BASIS FOR THE CLAIMS AND DEFENSES

Plaintiffs have asserted allegations of patent infringement.  Defendant has asserted allegations of patent non-infringement and invalidity.

## III.  SETTLEMENT POSSIBILITIES

Plaintiffs have presented to Defendant a written settlement proposal.  Defendant has responded to Plaintiffs' proposal.  Despite substantive and good-faith settlement discussions, the parties were unable to reach a settlement.

## IV.  WHETHER PARTIES CONSENT TO TRIAL BY A MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge.

## V.  EXCHANGE OF INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)

The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure by May 9, 2016.

## VI.  PROPOSALS REGARDING PATENT MATTERS PER L.R. 16.6(A)

### A.  Preliminary infringement and invalidity positions (L.R. 16.6(A)(1))

The proposed Scheduling Order (Appendix A) sets forth the schedule and procedures for the exchange of Plaintiffs' preliminary infringement contentions and Defendant's preliminary invalidity and non-infringement contentions.

### B.  Claim construction (L.R. 16.6(A)(2)-(4))

The proposed Scheduling Order (Appendix A) sets forth the schedule and procedures for claim construction.

At this time, the parties propose that the claim-construction hearing be conducted based

on the parties' opening and responsive briefs, including any accompanying expert declarations, oral presentation by the parties' attorneys (including a possible tutorial and argument), and possible live testimony by those who have submitted declarations during briefing. The parties may revisit these proposals in their joint claim-construction and prehearing statement, to be filed with the Court prior to the claim-construction hearing in accordance to the proposed schedule in Appendix A.

As detailed in Appendix A, the parties propose that claim-construction exchanges and filings occur near the completion of fact discovery, with the claim-construction hearing occurring after completion of fact discovery. The parties further propose that expert discovery commence after the issuance of the claim-construction order. The parties believe that commencing expert discovery after the completion of claim construction will best preserve resources by avoiding the necessity for experts to opine on multiple constructions or revise their reports after the claim constructions are issued by the Court.

### C.   Whether there exist dispositive issues that may lead to an early resolution of the litigation (L.R. 16.6(A)(5))

Defendant plans to re-file its motion of invalidity of U.S. Patent No. 9,073,933 on the basis of collateral estoppel in the form of a summary judgment motion. Defendant believes that this motion will dispose of all outstanding claims related to that patent. In addition, Defendant plans to file an early summary judgment motion for non-infringement of U.S. Patent No. 8,652,497. Resolution of both of those motions is expected to lead to early resolution of the litigation in its entirety.

Plaintiffs disagree that Defendant's proposed motions will lead to an early or any resolution of the litigation. With respect to Defendant's proposed motion on the '933 patent, Defendant has already brought and withdrawn that motion. (D.I. 14, 54.) While Plaintiffs do not

know how, if at all, Defendant's re-filed motion will differ, collateral estoppel is inapplicable here, at least for the reasons explained in Plaintiffs' opposition (D.I. 18) to the first motion. As to the '497 patent, Plaintiffs also do not yet know the bases for Defendant's noninfringement arguments. Plaintiffs are confident in their infringement case based on the documents Plaintiffs have seen so far from Defendant's ANDA. Moreover, it is well settled that infringement is a two-step process: "The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." *Markman v. Westview Instr., Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (citation omitted). Both steps require discovery, making "early" resolution for the '497 patent impossible.

      **D.**     **Authorization of documents under seal (L.R. 16.6(A)(6))**

The parties will separately submit a proposed Protective Order Governing Confidential Information and Material providing that all documents containing confidential information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

      **E.**     **Procedures for and limits on the discovery of ESI (L.R. 16.6(A)(7))**

Procedures for and limits on the discovery of electronically stored information (ESI) will be provided in the parties' Stipulation and Order as to Conduct of Discovery, to be filed separately. Proposed deadlines for discovery are provided in Appendix A hereto.

**VII.**    **PROPOSALS REGARDING DISCOVERY**

The proposed Scheduling Order (Appendix A) and the separately filed Stipulation and Order as to Conduct of Discovery sets forth the parties' agreement regarding the conduct of discovery in this action.


## VIII. CERTIFICATION REQUIRED BY L.R. 16.1(D)(3)

The certifications required by L.R. 16.1(d)(3) are attached as Appendices B-C.

Dated:  April 18, 2016

/s/ Christopher M. Morrison
Christopher M. Morrison (BBO# 651335)
JONES DAY
100 High Street
21st Floor
Boston, MA 02110
Telephone:  (617) 960-3939
Facsimile: (617) 449-6999
cmorrison@jonesday.com

John J. Normile (pro hac vice)
Pablo D. Hendler (pro hac vice)
Kenneth S. Canfield (pro hac vice)
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
jjnormile@jonesday.com
kcanfield@jonesday.com

Gregory Castanias (pro hac vice)
Jennifer L. Swize (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
gcastanias@jonesday.com
jswize@jonesday.com

*Attorneys for Plaintiffs Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., and Rhodes Technologies*

/s/ Jake M. Holdreith
Christopher P. Sullivan (BBO#485120)
ROBINS KAPLAN LLP
800 Boylston Street
Suite 2500
Boston, MA 02199

Jake M. Holdreith
Jamie R. Kurtz
Kelsey J. Thorkelson
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

*Attorneys for Defendant Collegium Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

    I, Christopher M. Morrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 18, 2016.

                                                         /s/ *Christopher M. Morrison*
                                                         Christopher M. Morrison