IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., and RHODES TECHNOLOGIES, <br><br> Plaintiffs, <br><br> v. <br><br> COLLEGIUM PHARMACEUTICAL, INC., <br><br> Defendant. | Case No. 1:21-cv-10598-FDS <br><br> Lead Case No. 1:15-cv-13099-FDS |

**DEFENDANT COLLEGIUM PHARMACEUTICAL, INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Collegium Pharmaceutical, Inc., respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss certain claims asserted in Plaintiffs' First Amended Complaint. Dkt. 272 (Lead Action). Plaintiffs Purdue Pharma L.P., Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, "Purdue") assert claims for patent infringement under 35 U.S.C. § 271(a), (b), (c), (e)(2)(A), and (g). Collegium moves to dismiss Purdue's claims under § 271(b), (c), (e)(2)(A), and (g). A Memorandum in Support of Collegium's Motion to Dismiss is filed herewith. As set forth in the Memorandum, the Court should dismiss most of Purdue's claims and at least the § 271(e)(2)(A) and § 271(g) claims with prejudice.

Purdue cannot, as a matter of law, state a claim for infringement under § 271(e)(2)(A) because the asserted patent issued after FDA approved Collegium's accused product. Here, as Purdue acknowledged in the First Amended Complaint, Collegium submitted and FDA approved its application for XTAMPZA® ER before the asserted patent (U.S. Patent No. 10,407,434)

1

issued. Moreover, Purdue has not alleged that Collegium submitted a Paragraph IV certification for the '434 patent. The Court should dismiss Purdue's § 271(e)(2)(A) claim with prejudice.

Purdue cannot, as a matter of law, state a claim for infringement under § 271(g), either. Purdue's First Amended Complaint confirms that § 271(g) does not apply here, because Collegium's product is domestically manufactured, and Purdue has other options to try to secure relief for infringement of the '434 patent.

Finally, Purdue's indirect infringement claims do not satisfy its pleading obligation under the familiar *Iqbal* / *Twombly* standard. Purdue does not plead any facts, for example, regarding Collegium's intent to induce infringement or Collegium's knowledge of contributory infringement.

For these reasons, Collegium respectfully requests that the Court grant this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Purdue's § 271(b), (c), (e)(2)(A), and (g) claims, and dismiss at least its § 271(e)(2)(A) and (g) claims with prejudice.

## REQUEST FOR ORAL ARGUMENT

Collegium respectfully requests oral argument on this Motion.

Dated: June 4, 2021                              Respectfully submitted,


                                                 *s/ Christopher P. Sullivan*
                                                 Christopher P. Sullivan (BBO #485120)
                                                 ROBINS KAPLAN LLP
                                                 800 Boylston Street
                                                 Suite 2500
                                                 Boston, MA 02199
                                                 (617) 267-2300
                                                 CSullivan@RobinsKaplan.com

                                                 Jake M. Holdreith (*pro hac vice*)
                                                 Christopher A. Pinahs (*pro hac vice*)
                                                 Kelsey J. McElveen (*pro hac vice*)
                                                 Emily J. Tremblay (*pro hac vice*)
                                                 Ellen K. Levish (*pro hac vice*)
                                                 ROBINS KAPLAN LLP
                                                 800 LaSalle Avenue
                                                 Suite 2800
                                                 Minneapolis, MN 55402
                                                 (612) 349-8500
                                                 JHoldreith@RobinsKaplan.com
                                                 CPinahs@RobinsKaplan.com
                                                 KMcElveen@RobinsKaplan.com
                                                 ETremblay@RobinsKaplan.com
                                                 ELevish@RobinsKaplan.com

                                                 Oren D. Langer (*pro hac vice*)
                                                 ROBINS KAPLAN LLP
                                                 399 Park Avenue
                                                 Suite 3600
                                                 New York, NY 10022
                                                 (212) 980-7400
                                                 OLanger@RobinsKaplan.com

                                                 **Attorneys for Defendant Collegium
                                                 Pharmaceutical, Inc.**

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I certify that counsel for Collegium met and conferred with Purdue's counsel regarding the issues set forth in the foregoing motion in a good-faith effort to resolve or narrow those issues. The parties did not reach a resolution on those matters.

Dated: June 4, 2021                     *s/ Christopher A. Pinahs*
                                                    Christopher A. Pinahs (*pro hac vice*)
                                                    ROBINS KAPLAN LLP

## CERTIFICATE OF SERVICE

I, Christopher P. Sullivan, certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via U.S. mail on non-registered participants.

Dated: June 4, 2021                     *s/ Christopher P. Sullivan*
                                                    Christopher P. Sullivan (BBO #485120)
                                                    ROBINS KAPLAN LLP